Case 3:19-cv-00037-EKD   Document 31   Filed 10/02/19   Page 1 of 4   Pageid#: 1040

I hereby certify that this instrument is a true and correct copy of
the original on file in my office. Attest: Sandy Opacich, Clerk
U.S. District Court, Northern District of Ohio
By: /s/Robert Pitts
Deputy Clerk



# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION      MDL No. 2804

### TRANSFER ORDER

**Before the Panel**:[*]  Plaintiffs in 24 actions move under Panel Rule 7.1 to vacate the orders conditionally transferring their respective actions listed on Schedule A to MDL No. 2804.  Various defendants[1] oppose the motions.

After considering the arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country.  *See In re Nat'l Prescription Opiate Litig.,* 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017).

Despite some variances among the actions before us, they share a factual core with the MDL actions: the manufacturer and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs.  *See id.*  The actions therefore fall within the MDL's ambit.

---

[*] Judges Ellen Segal Huvelle and Nathaniel M. Gorton did not participate in the decision of this matter.

[1] Amerisource Drug Corp., Amerisourcebergen Corp. and Amerisourcebergen Drug Corp.; Bellco Drug Corp.; Cardinal Health, Inc., Cardinal Health 110, LLC, Cardinal Health 200, LLC, Cardinal Health 414, LLC; McKesson Corp. (distributor defendants); Allergan PLC, Allergan Finance, LLC; Actavis LLC, Actavis Pharma, Inc.; Barr Laboratories, Inc.; Cephalon, Inc.; Endo Health Solutions Inc., Endo International PLC, Endo Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc.; Janssen Pharmaceuticals Inc.; Johnson & Johnson; Mallinckrodt plc; Mallinckrodt LLC, Mallinckrodt Brand Pharmaceuticals, Inc.; Ortho-McNeil-Jansenn Pharmaceuticals, Inc.; Par Pharmaceutical, Inc., Par Pharmaceutical Companies, Inc.; Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc.; SpecGx LLC; Teva Pharmaceutical Industries Ltd.;. Teva Pharmaceuticals USA, Inc., Watson Pharmaceuticals and Watson Laboratories, Inc. (manufacturing defendants); Value Drug Co.

-2-

The parties opposing transfer in 24 actions argue principally that federal jurisdiction is lacking over their cases. But opposition to transfer based on a jurisdictional challenge is insufficient to warrant vacating conditional transfer orders covering otherwise factually related cases.[2] Several parties also argue that including their actions in this large MDL will cause them inconvenience and delay the progress of their actions. Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). Additionally, plaintiff in the District of New Jersey *County of Burlington* action argues that the recent bankruptcy of the Purdue defendants prevents transfer, but we have long rejected that argument. *See In re Ephedra Prods. Liab. Litig.*, 416 F. Supp. 2d 1358, 1359-60 (J.P.M.L. 2006) (transferring actions subject to bankruptcy stay).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Lewis A. Kaplan         R. David Proctor
Catherine D. Perry      Karen K. Caldwell

---

[2] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION                    MDL No. 2804

## SCHEDULE A

### District of Hawaii

COUNTY OF KAUAI v. CVS HEALTH CORPORATION, ET AL.,
  C.A. No. 1:19−00377

### Eastern District of Michigan

CHARTER TOWNSHIP OF HARRISON v. THE PAIN CENTER USA, PLLC, ET AL., C.A.
    No. 2:19−11681
CITY OF STERLING HEIGHTS v. THE PAIN CENTER USA, PLLC, ET AL.,
  C.A. No. 2:19−11685
CITY OF WARREN v. THE PAIN CENTER USA, PLLC, ET AL.,
  C.A. No. 2:19−11687

### Eastern District of Missouri

WAMPANOAG TRIBE OF GAY HEAD (AQUINNAH) v. MALLINCKRODT BRAND
    PHARMACEUTICALS, INC., ET AL., C.A. No. 4:19−01654
ST. FRANCOIS COUNTY v. DANNIE E. WILLIAMS, M.D., ET AL.,
  C.A. No. 4:19−01722
THE CHEROKEE NATION v. MALLINCKRODT PLC, ET AL., C.A. No. 4:19−01911

### District of New Jersey

COUNTY OF BURLINGTON v. PURDUE PHARMA L.P., ET AL.,
  C.A. No. 1:19−13684

### Eastern District of New York

THE CITY OF AUBURN v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:19−03800

### Northern District of New York

THE CITY OF SARATOGA SPRINGS v. PURDUE PHARMA L.P., ET AL.,
  C.A. No. 1:19−00789
THE CITY OF OGDENSBURG v. PURDUE PHARMA L.P., ET AL.,
  C.A. No. 8:19−00782

### Western District of New York

THE CITY OF ROCHESTER v. PURDUE PHARMA L.P., ET AL.,
  C.A. No. 6:19−06490

- A2 -

Northern District of Oklahoma

CITY OF JENKS v. PURDUE PHARMA L.P., ET AL., C.A. No. 4:19−00380

Southern District of Texas

ROCKWALL COUNTY, TX v. CVS HEALTH CORPORATION, C.A. No. 4:19−02181
ELLIS COUNTY v. WALGREENS BOOTS ALLIANCE, INC., ET AL.,
    C.A. No. 4:19−02256
COUNTY OF DUVAL v. CVS HEALTH CORPORATION, C.A. No. 4:19−02504

Eastern District of Virginia

LOUDOUN COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 1:19−00778
CITY OF PORTSMOUTH v. MCKESSON CORPORATION, ET AL.,
    C.A. No. 2:19−00331
CITY OF FREDERICKSBURG, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 3:19−00457
PRINCE GEORGE COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 3:19−00458
GREENSVILLE COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 3:19−00459
CITY OF EMPORIA, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 3:19−00513

Western District of Virginia

CULPEPER COUNTY, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 3:19−00037
CHARLOTTE COUNTY, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 4:19−00029